# UNITED STATES BANKRUPTCY COURT

# MASSACHUSETTS – EASTERN DIVISION

| | |
|---|---|
| **In Re:** | **ADVERSARY PROCEEDING** |
| **Hamayag S. Tavitian** | **Judge Joan N. Feeney** |
| (Debtor) | Chapter 7 (Case No. 16-13829) |

Karim J. Deghmane

    (Plaintiff)                                                          Adversary Proceeding

v.                                                                                       **#16-01191**

Hamayag S. Tavitian

    (Debtor)

v.

Carlo Cellai, Esq. and

Cellai Law Offices, P.C.

    (Third Party Defendants)

# DEBTOR ANSWER TO COMPLAINT

# WITH COUNTERCLAIMS AND THIRD PARTY CLAIMS

    NOW COMES, the Debtor HAMAYAG S. TAVITIAN (hereinafter "Debtor" or "Defendant"), by through counsel of record, Fisher Legal, PA, answering the Creditor Adversary Complaint by Karim J. Deghmane (hereinafter "Plaintiff"), and sets forth herein his affirmative defenses, his counterclaims, and his third party claims against Defendant's legal counsel Carlo Cellai and the Cellai Law Offices, P.C..  Debtor seeks the action be dismissed with prejudice, and the Court enter judgment in Debtor's favor against all parties for violating the Federal Bankruptcy Code as well as the Fair Debt Collection Practices Act.

The Debtor answers as follows in accordance with the complaint numbered paragraphs:

1) Admit.

2) This complaint is not a "core proceeding" arising under Title 11 of the United States Code, in that it seeks to collect unlawful damages arising from a non-fraud related, default judgment at the Massachusetts District Court previously fully adjudicated.

3) Admit.

4) No answer is necessary since it states a conclusion of the law – to the extent an answer is required, generally denied.

5) Insufficient information held to admit or denied. FURTHER ANSWERING, an individual person plaintiff CANNOT reside at a Post Office Box.  The Complaint fails for failure to state the Plaintiff's residential address.

6) Admit.

7) Admit.  See Docket for filing information.

8) Admit.

9) Denied.

10) Denied.

11) Denied.

12) Denied.

13) Denied.

14) Denied.

15) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

16) Denied.  Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

17) Insufficient information to admit or deny.

18) Insufficient information to admit or deny.

19) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

20) Denied.

## COUNT I – False Pretenses, False Representation or Actual Fraud

## 11 U.S.C. §563(a)(2)(A)

21) No answer required. To the extent an answer is required the Defendant Debtor restates his prior responses.

22) Denied.

23) Denied.

24) Denied.

25) Denied.

26) Denied.

27) Denied.

28) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

29) Denied. Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

30) Insufficient information to admit or deny.

31) Insufficient information to admit or deny.

32) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

33) No Answer is necessary since it states a "State of Mind" of Plaintiff unknown to the Defendant. To the extent an answer is required --- Denied.

34) Denied.

35) DENIED. The statement sets forth a conclusion of the law which Defendant Debtor is not qualified to provide or otherwise answer.

## COUNT II

### Discharge Exception For Fiduciary Debts, Embezzlement or Larceny

### 11 U.S.C. §523(a)(4)

36) No answer required. To the extent an answer is required the Defendant Debtor restates his prior responses.

37) Denied.

38) Denied.

39) No answer is necessary since it states a legal conclusion for which the Debtor Defendant is not qualified to provide, otherwise Denied.

40) Denied.

41) Denied.

42) Denied.

43) Denied.

44) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

45) Denied. Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

46) Insufficient information to admit or deny.

47) Insufficient information to admit or deny.

48) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

49) No answer is necessary since it states a legal conclusion for which the Debtor Defendant is not qualified to provide, otherwise Denied.

50) Denied.

51) Denied.

## COUNT III

## Discharge Exception for Willful and Malicious, Injury by the Debtor or Another Entity or to the property of Another Entity

## 11 U.S.C. §523(a)(6)

52) No answer required. To the extent an answer is required the Defendant Debtor restates his prior responses.

53) Denied.

54) Denied.

55) Denied.

56) Denied.

57) Denied.

58) Denied.

59) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

60) Denied. Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

61) Insufficient information to admit or deny.

62) Insufficient information to admit or deny.

63) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

64) Denied. This statement calls for a legal conclusion which the Defendant Debtor is not qualified to provide.

65) Denied.

66) Denied.

# COUNT IV

## Discharge Exception for Final Judgment Entered in a Court

## Of the Commonwealth of Massachusetts

## 11 U.S.C. §523(a)(11)

67) No answer required. To the extent an answer is required the Defendant Debtor restates his prior responses.

68) Denied.

69) Denied.

70) Denied.

71) Denied.

72) Denied.

73) Denied.

74) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

75) Denied. Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

76) Insufficient information to admit or deny.

77) Insufficient information to admit or deny.

78) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

79) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

80) Denied.

81) Denied.

## COUNT V

## Discharge Exception that Results Before the Date on Which the Petition was Filed from a Judgment entered in the Commonwealth of Massachusetts

## 11 U.S.C. §523(a)(19)

82) No answer required. To the extent an answer is required the Defendant Debtor restates his prior responses.

83) Denied.

84) Denied.

85) Denied.

86) Denied.

87) Denied.

88) Denied.

89) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

90) Denied. Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

91) Insufficient information to admit or deny.

92) Insufficient information to admit or deny.

93) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

94) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

95) Denied.

96) Denied.

## COUNT VI

## M.G.L. C. 93A

97) No answer required. To the extent an answer is required the Defendant Debtor restates his prior responses.

98) Denied.

99) Denied.

100) Denied.

101) Denied.

102) Denied.

103) Denied.

104) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

105) Denied. Further Answering, the Defendant has paid numerous payments to the Creditor which must be disgorged for Plaintiff's violations of the law.

106) Insufficient information to admit or deny.

107) Insufficient information to admit or deny.

108) Admit in part to the Plaintiff's and his attorneys collection practices which appear to violate the laws as set forth more fully herein. DENIED as to payment of the judgment since the Defendant Debtor has paid significant monies to the Plaintiff.

109) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

110) Denied.

111) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

112) Denied as it calls for a conclusion of law which the Defendant is not qualified to provide.

*WHEREFORE,* In the present case, where the State Court record is devoid of any findings which would warrant a conclusion that the State Court made a finding that the injury caused by the Debtor was Willful and Malicious, the Plaintiff's complaint clearly fails to establish a case under Section 523 (a)(6) and should be dismissed. Moreover, the Defendant Debtor alleged actions do not meet the requirements under the US Bankruptcy Code to allow an exception of the Dischargeability of debt, and the Trustee in this matter has previously determined that no assets are available to satisfy any creditor debts.

Debtor Defendant prays that this Court DISMISS with Prejudice all claims asserted by the Creditor, and enter a protective order and discharge of debts pursuant to U.S. Bankruptcy Code Chapter 7. Debtor Defendant seeks such other relief as this Court finds meet and just, including an award of his legal counsel fees in defending this matter.

## **AFFIRMATIVE DEFENSES**

Defendant Debtor HAMAYAG S. TAVITIAN sets forth his affirmative defenses to Plaintiffs' complaint and continues to deny any and all liability alleged.

### **DEFENSE #1 – FAILURE TO VERIFY COMPLAINT**

The Complaint filed fails to include or incorporate any verification of the assertions by the Plaintiff or any authorized individual with personal knowledge of the facts asserted therein. The Complaint fails on its face in light of said requirement when asserting actions based upon fraud or misrepresentation.

### **DEFENNSE #2 - STATE A CLAIM**

Plaintiff FAILS to state a claim upon which relief can be granted.

### **DEFENSE #3 – CONTRIBUTION**

Plaintiff and Plaintiff's legal counsel have CONTRIBUTED to their own damages by failing to protect any claims or actions, but instead elected to accept payments from the Debtor Defendant in contravention to their claims.

### DEFENSE #4 – MITIGATE DAMAGES

Plaintiff and its legal counsel have failed to mitigate damages and instead have created more costs and expenses by abuse of process.

### DEFENSE #5 – WAIVER

Plaintiff waived and released its rights to collect the purported debt by failing to comply with statute of limitations.

### DEFENSE #6 – ESTOPPEL

Plaintiffs' claims are barred pursuant to the Doctrine of Estoppel.

### DEFENSE #7 – LACK OF DAMAGES / INJURY

Plaintiff's claims are barred since it cannot demonstrate that it suffered any damages or injuries alleged, particularly since it has accepted payments in excess of the original loss.

### DEFENSE #8 – FAILURE TO COMPLY WITH PLEADING STANDARDS

Plaintiff's claims fail to include any affidavit or verification from the Plaintiff or an authorized officer with actual knowledge of the facts purporting to support such filings. Additionally, the Plaintiff failed to comply with Massachusetts General Laws Chapter 93A by failing to state whether the claim arises under Section 9 or Section 11, each requiring a different pleading.

### DEFENSE #9 – FAILURE TO COMPLY WITH STATUTE OF FRAUDS

Plaintiff and its legal counsel have failed to comply with the Statute of Frauds requiring a written contract at time of original dealings by and between the parties.

## COUNTERCLAIM BY DEBTOR HAMAYAG S. TAVITIAN

## v. KARIM J. DEGHMANE

1) Counterclaim Plaintiff HAMAYAG S. TAVITIAN is the Chapter 7 Debtor residing at 55 Waverly Avenue, Unit #704, Watertown, Massachusetts 02472.

2) Counterclaim Defendant, KARIM J. DEGHMANE, is the original plaintiff in this action and is an individual residing somewhere in Massachusetts; however, he failed to identify a residential address in the underlying complaint (See Complaint ¶5).

## COUNTERCLAIM – Count I

## Violation of 11 U.S.C. §362 – Automatic Stay

3) On or about October 4, 2016, the Debtor/Counterclaim Plaintiff Hamayag Tavitian filed for bankruptcy protection pursuant to Chapter 7 of the United States Bankruptcy Code, as reflected in the core proceeding of petition assigned case number 16-13829 before the U.S. Bankruptcy Court – Massachusetts (Eastern Division);

4) Counterclaim Defendant Karim J. Deghmane and his legal counsel, Carlo Cellai, Esq. and Cellai Law Offices P.C. were duly listed as notice creditors.

5) 11 U.S.C. §362, otherwise known as "Automatic Stay" prohibits any and all further collections against the Debtor until receiving relief of the Court.

6) At no time has the Counterclaim Defendant or his legal counsel obtained relief of stay from the U.S. Bankruptcy Code against the Debtor/Counterclaim Plaintiff Hamayag S. Tavitian.

7) On diverse dates after the automatic stay entered on October 4, 2016, the Counterclaim Defendant Karim J. Deghmane or his legal counsel Carlo Cellai, Esq, or his law office Cellai Law Offices, P.C., repeatedly contacted the Debtor in an effort to collect on their underlying debt.

8) On several occasions prior to the actual filing of the bankruptcy petition, and AFTER the FILING, the Debtor TAVITIAN notified the Counterclaim Defendant DEGHMANE and Third party Defendants Carlo Cellai, Esq. and his law firm Cellai Law Offices, P.C. that he had retained bankruptcy counsel and filed for bankruptcy protection.

9) With actual notice or apparent notice or both, the Counterclaim Defendant DEGHMANE, and Third Party Defendants Carlo CELLAI and his law office CELLAI LAW OFFICES,

    P.C. actually contacted the Debtor TAVITIAN, and threatened or actually pursued collection of a debt in violation of 11 U.S.C. §362.

10) 11 U.S.C. §362(h) states "*An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.*"

11) The First Circuit U.S. Bankruptcy Court has held that "willful" does not require specific intent to violate the statute.

12) The Debtor/Counterclaim Plaintiff TAVITIAN has suffered damages and emotional distress from Counterclaim Defendant and Third Party Defendants collection actions which violated 11 U.S.C §362.

    ***WHEREFORE,*** the Counterclaim Plaintiff HAMAYAG S. TAVITIAN seeks judgment against Karim J. DEGHMANE and Third Party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. for violating 11 U.S.C. §362.  Counterclaim Plaintiff seeks an award of damages to compensate his emotional distress, attorneys fees, costs, and punitive damages as permitted under 11 U.S.C. §362.

## COUNTERCLAIM – Count II

## Violation of the Fair Debt Collections Practices Act (FDCPA)

13) On or about October 4, 2016, the Debtor/Counterclaim Plaintiff Hamayag Tavitian filed for bankruptcy protection pursuant to Chapter 7 of the United States Bankruptcy Code, as reflected in the core proceeding of petition assigned case number 16-13829 before the U.S. Bankruptcy Court – Massachusetts (Eastern Division);

14) Counterclaim Defendant Karim J. Deghmane and his legal counsel, Carlo Cellai, Esq. and Cellai Law Offices P.C. were duly listed as notice creditors.

15) 11 U.S.C. §362, otherwise known as "Automatic Stay" prohibits any and all further collections against the Debtor until receiving relief of the Court.

16) At no time has the Counterclaim Defendant or his legal counsel obtained relief of stay from the U.S. Bankruptcy Code against the Debtor/Counterclaim Plaintiff Hamayag S. Tavitian.

17) On diverse dates after the automatic stay entered on October 4, 2016, the Counterclaim Defendant Karim J. Deghmane or his legal counsel Carlo Cellai, Esq, or his law office

    Cellai Law Offices, P.C., repeatedly contacted the Debtor in an effort to collect on their underlying debt.

18) On several occasions prior to the actual filing of the bankruptcy petition, and <u>AFTER the FILING</u>, the Debtor TAVITIAN notified the Counterclaim Defendant DEGHMANE and Third party Defendants Carlo Cellai, Esq. and his law firm Cellai Law Offices, P.C. that he had retained bankruptcy counsel and filed for bankruptcy protection.

19) On several occasions, the Counterclaim Defendant DEGHMANE or his legal counsel or both indicated by telephone and by text or email to the Debtor Tavitian that DEGHMANE would arrest Tavitian unless he paid him.

20) FDCPA specifically prohibits certain collection practices by:

    a) Repeated Harassment by telephone or text or email contact and demand which threatened arrest and used offensive language;

    b) Using False Statements in alleging the Debtor committed a crime and thereafter misrepresenting the amount of judgment or debt balance owed, and failing to provide an accounting of prior payments paid by Debtor;

    c) Committed Unfair Practices by collecting and accruing to the alleged debt additional fees, interest, and other costs not permitted under the original contract or the judgment; and therewith threatening and actually seizing the Debtor personally by constable arrest and seizing Debtor's property.

21) Violations of FDCPA permits the individual Debtor TAVITIAN to collect from DEGHMANE and third party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. actual damages, including but not limited to costs, attorneys fees, and interest, and for emotional distress, and punitive damages.

22) Violations of FDCPA also permits a Court to disgorge the Counterclaim Defendant and Third Party Defendant CARLO CELLAI and his law office CELLAI LAW OFFICES PC of any and all payment received from the violations of FDCPA.

    ***WHEREFORE***, the Counterclaim Plaintiff HAMAYAG S. TAVITIAN seeks judgment against Karim J. DEGHMANE and Third Party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. for violating the Fair Debt Collections Practices Act (FDCPA). Counterclaim Plaintiff seeks an award of damages to compensate his emotional distress, attorney's fees, costs, and punitive damages as permitted under FDCPA.

## COUNTERCLAIM – Count III

## Violation of Massachusetts General Laws Chapter 93A

23) Massachusetts General Laws Chapter 93A, generally known as the Massachusetts Consumer Protection Act, generally prohibits unfair and deceitful business practices against consumers (See MGL c.93A §§2, 9).

24) Violations of the Fair Debt Collections Practices Act is an automatic violation of MGL c.93A.

25) Violations of MGL c.93A entitles the Debtor/Counterclaim Plaintiff TAVITIAN to an automatic mandatory award of actual costs and fees, attorneys fees, and double or treble damages for "willful" or "knowing" violations.

26) The First Circuit U.S. Bankruptcy Court has held that "willful" does not require specific intent to violate the statute.

27) Counterclaim Defendant DEGHMANE and third party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. have violated 11 U.S.C. §362; the Fair Debt Collections Practices Act (FDCPA) and therefore have automatically violated MGL c.93A.

*WHEREFORE*, the Counterclaim Plaintiff HAMAYAG S. TAVITIAN seeks judgment against Karim J. DEGHMANE and Third Party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. for violating the Massachusetts Consumer Protection Law (MGL c.93A). Counterclaim Plaintiff seeks an award of damages to compensate his emotional distress, attorney's fees, costs, and punitive damages as permitted under MGL c.93A.

## CLAIMS BY DEBTOR HAMAYAG S. TAVITIAN

## Against THIRD PARTY DEFENDANTS

## CARLO CELLAI (Individually) and his law office CELLAI LAW OFFICES, P.C.

28) Third Party Plaintiff HAMAYAG S. TAVITIAN is the Chapter 7 Debtor residing at 55 Waverly Avenue, Unit #704, Watertown, Massachusetts 02472.

29) Third Party Defendant CARLO CELLAI, is a licensed attorney in the Commonwealth of Massachusetts with a business address at 280 Summer Street, Suite M300, Boston, MA 02210, and 150 Grossman Drive, Suite 201, Braintree, MA 02184, and at 76 Canal Street, Suite 402, Boston, MA 02114;

30) Third Party Defendant CELLAI LAW OFFICES, P.C., is a duly organized professional corporation registered in the Commonwealth of Massachusetts with a business address at 280 Summer Street, Suite M300, Boston, MA 02210, and 150 Grossman Drive, Suite 201, Braintree, MA 02184, and at 76 Canal Street, Suite 402, Boston, MA 02114;

31) Third Party Defendant CARLO CELLAI is the one hundred percent (100%) sole shareholder of third party defendant CELLAI LAW OFFICES, P.C.

## THIRD PARTY CLAIM – Count I

### Violation of 11 U.S.C. §362 – Automatic Stay

32) On or about October 4, 2016, the Debtor/Counterclaim Plaintiff Hamayag Tavitian filed for bankruptcy protection pursuant to Chapter 7 of the United States Bankruptcy Code, as reflected in the core proceeding of petition assigned case number 16-13829 before the U.S. Bankruptcy Court – Massachusetts (Eastern Division);

33) Third party Defendants Carlo Cellai, Esq. and his law office of Cellai Law Offices P.C. were duly listed as notice creditors on behalf of their client, Karim J. DEGHMANE, who they represent in this adversary action.

34) Third party Defendants Carlo Cellai, Esq. and his law office of Cellai Law Offices P.C., at all times during the original creditor Karim J. Deghmane's action against bankruptcy Debtor/Third party Plaintiff Hamayag S. Tavitian, acted as legal counsel to Karim J. Deghmane.

35) 11 U.S.C. §362, otherwise known as "Automatic Stay" prohibits any and all further collections against the Debtor until receiving relief of the Court.

36) At no time has the third party Defendants obtained relief of stay from the U.S. Bankruptcy Code against the Debtor/Counterclaim Plaintiff Hamayag S. Tavitian.

37) On diverse dates after the automatic stay entered on October 4, 2016, the third party defendants Carlo Cellai, Esq, or his law office Cellai Law Offices, P.C., repeatedly contacted the Debtor in an effort to collect on the underlying debt.

38) On several occasions prior to the actual filing of the bankruptcy petition, and AFTER the FILING, the Debtor TAVITIAN notified the third party defendants Carlo Cellai, Esq. and his law firm Cellai Law Offices, P.C. that he had retained bankruptcy counsel and filed for bankruptcy protection.

39) With actual notice or apparent notice or both, the Third Party Defendants Carlo CELLAI and his law office CELLAI LAW OFFICES, P.C. actually contacted the Debtor TAVITIAN, and threatened or actually pursued collection of a debt in violation of 11 U.S.C. §362.

40) 11 U.S.C. §362(h) states "*An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.*"

41) The First Circuit U.S. Bankruptcy Court has held that "willful" does not require specific intent to violate the statute.

42) The Debtor/Counterclaim Plaintiff TAVITIAN has suffered damages and emotional distress from the Third Party Defendants collection actions which violated 11 U.S.C §362.

*WHEREFORE,* the Counterclaim Plaintiff HAMAYAG S. TAVITIAN seeks judgment against Third Party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. for violating 11 U.S.C. §362. Counterclaim Plaintiff seeks an award of damages to compensate his emotional distress, attorneys fees, costs, and punitive damages as permitted under 11 U.S.C. §362.

## THIRD PARTY CLAIM – Count II

### Violation of the Fair Debt Collections Practices Act (FDCPA)

43) On or about October 4, 2016, the Debtor/Counterclaim Plaintiff Hamayag Tavitian filed for bankruptcy protection pursuant to Chapter 7 of the United States Bankruptcy Code, as reflected in the core proceeding of petition assigned case number 16-13829 before the U.S. Bankruptcy Court – Massachusetts (Eastern Division);

44) Third party Defendants Carlo Cellai, Esq. and his law office of Cellai Law Offices P.C. were duly listed as notice creditors on behalf of their client, Karim J. DEGHMANE, who they represent in this adversary action.

45) Third party Defendants Carlo Cellai, Esq. and his law office of Cellai Law Offices P.C., at all times during the original creditor Karim J. Deghmane's action against bankruptcy Debtor/Third party Plaintiff Hamayag S. Tavitian, acted as legal counsel to Karim J. Deghmane.

46) 11 U.S.C. §362, otherwise known as "Automatic Stay" prohibits any and all further collections against the Debtor until receiving relief of the Court.

47) At no time has the Counterclaim Defendant or his legal counsel obtained relief of stay from the U.S. Bankruptcy Code against the Debtor/Counterclaim Plaintiff Hamayag S. Tavitian.

48) On diverse dates after the automatic stay entered on October 4, 2016, the Third Party Defendants Carlo Cellai, Esq, or his law office Cellai Law Offices, P.C., repeatedly contacted the Debtor in an effort to collect on the underlying debt.

49) On several occasions prior to the actual filing of the bankruptcy petition, and <u>AFTER the FILING</u>, the Debtor TAVITIAN notified the Third party Defendants Carlo Cellai, Esq. and his law firm Cellai Law Offices, P.C. that he had retained bankruptcy counsel and filed for bankruptcy protection.

50) On several occasions, the Third Party Defendant CARLO CELLAI or his law office Third Party Defendant CELLAI LAW OFFICES, P.C. indicated by telephone and by text or email to the Debtor Tavitian that the Third Party Defendants would arrest Tavitian unless he paid or have a constable arrest Tavitian or seize Tavitian's assets

51) FDCPA specifically prohibits certain collection practices by:

   d) Repeated Harassment by telephone or text or email contact and demand which threatened arrest and used offensive language;

   e) Using False Statements in alleging the Debtor committed a crime and thereafter misrepresenting the amount of judgment or debt balance owed, and failing to provide an accounting of prior payments paid by Debtor;

   f) Committed Unfair Practices by collecting and accruing to the alleged debt additional fees, interest, and other costs not permitted under the original contract or the judgment; and therewith threatening and actually seizing the Debtor personally by constable arrest and seizing Debtor's property.

52) Violations of FDCPA permits the individual Debtor TAVITIAN to collect from DEGHMANE and third party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. actual damages, including but not limited to costs, attorneys fees, and interest, and for emotional distress, and punitive damages.

53) Violations of FDCPA also permits a Court to disgorge the Counterclaim Defendant and Third Party Defendant CARLO CELLAI and his law office CELLAI LAW OFFICES PC of any and all payment received from the violations of FDCPA.

*WHEREFORE*, the Third Party Plaintiff HAMAYAG S. TAVITIAN seeks judgment against Third Party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. for violating the Fair Debt Collections Practices Act (FDCPA). Third Party Plaintiff TAVITIAN seeks an award of damages to compensate his emotional distress, attorney's fees, costs, and punitive damages as permitted under FDCPA.

## THIRD PARTY CLAIM – Count III

### Violation of Massachusetts General Laws Chapter 93A

54) Massachusetts General Laws Chapter 93A, generally known as the Massachusetts Consumer Protection Act, generally prohibits unfair and deceitful business practices against consumers (See MGL c.93A §§2, 9).

55) Violations of the Fair Debt Collections Practices Act is an automatic violation of MGL c.93A.

56) Violations of MGL c.93A entitles the Debtor/Counterclaim Plaintiff TAVITIAN to an automatic mandatory award of actual costs and fees, attorneys fees, and double or treble damages for "willful" or "knowing" violations.

57) The First Circuit U.S. Bankruptcy Court has held that "willful" does not require specific intent to violate the statute.

58) Third party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. have violated 11 U.S.C. §362; the Fair Debt Collections Practices Act (FDCPA) and therefore have automatically violated MGL c.93A.

*WHEREFORE*, the Third Party Plaintiff HAMAYAG S. TAVITIAN seeks judgment against Third Party Defendants CARLO CELLAI and his law office CELLAI LAW OFFICES, P.C. for violating the Massachusetts Consumer Protection Law (MGL c.93A). Counterclaim Plaintiff seeks an award of damages to compensate his emotional distress, attorney's fees, costs, and punitive damages as permitted under MGL c.93A.

In summary, the Debtor HAMAYAG S. TAVITIAN as debtor/Defendants seeks an order:

1) Dismissing with Prejudice all claims stated against him under the Adversary Complaint; and

2) ORDER judgment in his favor on ALL COUNTERCLAIMS and THIRD PARTY CLAIMS;

3) ORDER damages to Hamayag S. Tavitian of all his attorneys' fees, costs, and interest from the date of the oldest violation against Counterclaim Defendant Karim J. Deghmane and third party defendants Carlo Cellai and Cellai Law Offices, P.C.

4) ORDER punitive damages to Hamayag S. Tavitian of all his attorneys' fees, costs, and interest from the date of the oldest violation against Counterclaim Defendant Karim J. Deghmane and third party defendants Carlo Cellai and Cellai Law Offices, P.C. in amount previously award for similar violations, and in treble amounts as set forth under MGL c.93A

5) ORDER emotional distress damages to Hamayag S. Tavitian of all his attorneys' fees, costs, and interest from the date of the oldest violation against Counterclaim Defendant Karim J. Deghmane and third party defendants Carlo Cellai and Cellai Law Offices, P.C. in amount previously award for similar violations, with a minimum award exceeding Twenty-Five Thousand Dollars ($25,000.00);

6) ORDER an immediate disgorgement of any and all monies paid by Debtor Hamayag S. Tavitian and received by or collected by Karim J. Deghmane, or third party Defendants Carlo Cellai or Cellai Law Offices, P.C. for their violations

7) ORDER such other and additional relief as this Honorable Court finds meet and just.

        Respectfully submitted for
        Debtor/Defendant and
        Counterclaim Plaintiff and
        Third Party Plaintiff:

        HAMAYAG S. TAVITIAN, by legal counsel:

Dated: February 1, 2017        /s/ Chaz R. Fisher

        Chaz R. Fisher
        FISHER LEGAL PA
        217 Hanover Street #184
        Boston, MA 02113
        T:    617-851-1560
        Fax:  561-424-8106
        Email: Chaz@FisherLegalpa.com

## **CERTIFICATE OF SERVICE**

I, Chaz R. Fisher, Attorney for debtor HAMAYAG S. TAVITIAN hereby certify that on this day a true copy of the foregoing document(s) listed below was sent by this Law Office to the below listed Counsel for the parties to this case at hand:

1. Debtor/Defendant Answer with Counterclaims and Third Party Claims to Adversary Complaint by Karim J. Deghmane

Notice via ECF

- John Fitzgerald, Esquire (Assistant U.S. Trustee)
- Joseph G. Butler, Esquire (Trustee)
- Carlo Cellai, Esquire (Counsel to Adversary Complaint Plaintiff Karim J. Deghmane)

Dated: February 1, 2017          /s/ Chaz R. Fisher

Chaz R. Fisher
FISHER LEGAL PA
217 Hanover Street #184
Boston, MA 02113
T:     617-851-1560
Fax:   561-424-8106
Email: Chaz@FisherLegalpa.com